In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3766

United States of America,

Plaintiff-Appellee,

v.

Trampas Austin,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 97-40068-JPG--J. Phil Gilbert, Chief Judge.

Argued May 10, 2000--Decided June 15, 2000

   Before Easterbrook, Ripple, and Rovner,
Circuit Judges.

   Easterbrook, Circuit Judge.  An indictment
charged 14 persons with manufacturing and
distributing methamphetamine. Twelve
pleaded guilty, and some of these
testified against the two who stood
trial. Trampas Austin, one of these two,
now appeals from his conviction and 120-
month sentence.

   All of the testifying participants in
this drug ring were users of their own
product. Counsel elicited this (which the
witnesses readily admitted) and the fact
that each witness had received or
expected some reward for cooperating with
the prosecution. Defense counsel asked
the jurors to discount this testimony
because of the witnesses' status as drug
users and their bargains with the
prosecution. He also asked the judge to
reinforce that argument with this
instruction:

If a witness who has cooperated with
the government is a user of
narcotics, there are reasons his or
her testimony should be considered
with great care. A regular user of
narcotics has a constant need for a
supply of drugs and for money to
support his or her habit and also
may have an abnormal fear of

imprisonment in which the supply of drugs might be cut off. Additionally, a witness who was under the influence of marijuana, methamphetamine or alcohol at the time of a particular event may have impaired recollection of that which occurred during that event. These are special circumstances which you may consider in weighing testimony of this kind. Of course, you may give the testimony such weight as you think proper after considering all relevant circumstances.

But the judge declined to give this instruction, observing that the witnesses were not meth users at the time of trial and thus did not need money to buy drugs or fear the consequences of imprisonment (which would cause withdrawal). Indeed, six of the witnesses were in prison by the time of Austin's trial and therefore already had endured whatever ill effects interruption of their drug consumption could produce. Although the judge thought an addict-informant instruction inadvisable, he did give an informant instruction, drawn from Instruction 3.13 of the Pattern Criminal Federal Jury Instructions for the Seventh Circuit (1998), telling the jury that the testimony of any cooperating witness should be "considered with caution and great care."

Austin's proposed instruction told the jury to receive the testimony of drug-using informants "with great care." The judge told the jury to use "caution and great care" when considering the testimony of these witnesses. What then is Austin's beef? The instruction the judge gave left out the reasons in Austin's proposal. Lack of reasons is a possible problem with skeletal cautionary instructions, see United States v. Cook, 102 F.3d 249 (7th Cir. 1996), because the practical meaning of "caution and great care" depends on just why the jurors are supposed to exercise care. What, in particular, are they to look for when deciding whether given testimony should be accepted or discarded? Guidance on this subject is the principal reason for giving a cautionary instruction yet was missing from the language the district judge selected. But whether additional guidance is needed is a subject that the district judge knows best, and on which

appellate review is correspondingly deferential. See United States v. Yarbough, 55 F.3d 280, 284 (7th Cir. 1995); United States v. Manganellis, 864 F.2d 528, 544 (7th Cir. 1988). This court has never reversed a district judge for omitting advice of the sort Austin wanted the instruction to provide, and this case shows why.

Instructions lifted from pattern books, as this was, often are misfits for the events brought out at trial. As the district judge observed, the witnesses were not drug users at the time of trial and did not need cash to feed their habits. Those already in prison did not especially fear withdrawal; they had experienced it already, so there was no risk that they would tailor their testimony to curtail that risk. The only advice that applied to these witnesses was the statement that "a witness who was under the influence of marijuana, methamphetamine or alcohol at the time of a particular event may have impaired recollection of that which occurred during that event." This purports to be a statement of fact, and judges may be able to simplify trials (and improve the accuracy of deliberations) by informing jurors about scientific knowledge that jurors do not already have. See United States v. Hall, 165 F.3d 1095, 1118-20 (7th Cir. 1999) (concurring opinion). But is the proposition accurate? The appellate briefs are unenlightening on the subject. If accurate, does it apply to these witnesses? An impaired memory differs from a deluded mind. These witnesses were not bystanders whose ability to perceive events may have been clouded by drugs; they claimed to be participants in a long-running criminal organization, and we have not been given any reason to believe that using methamphetamine can cause a person to fantasize elaborate details like those the witnesses provided to this jury. So the proposed instruction could have done more to mislead than to inform jurors about the value of the testimony they heard.

When circumstances warrant, a defendant is entitled to "careful instructions" about the credibility of informants, see On Lee v. United States, 343 U.S. 747, 757 (1952), but this proposed instruction did not meet that description. The

district judge was entitled to leave the subject to argument by counsel; Instruction 3.13 added whatever extra may have been called for. Cook, 102 F.3d at 252-54.

Affirmed